UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DIANE ELAINE CLEMENT                                                              CIVIL ACTION

VERSUS                                                                                           NO. 05-1815

CVS PHARMACY, INC.                                                               SECTION "K"(4)

ORDER AND REASONS

Before the Court is a Motion to Remand and Alternative Motion to Stay Proceedings (Doc. No. 3) filed by Diane Clement ("Clement"). Having reviewed the pleadings, memoranda and the relevant law, the Court finds no merit in this motion.

**Background**

This case arises from the prescribing of Bextra by Alain Cracco, M.D. ("Cracco") and the filling of that prescription by CVS Pharmacy, Inc. d/b/a and Successor in Interest Eckerd's ("Eckerd's) for use by Clement. Cracco is a citizen of the State of Louisiana, and Eckerd's is a foreign corporation with its principal place of business in Rhode Island. Clement has sued these two parties alleging to have suffered injury as the result of her having sustained an allergic reaction to the drug Bextra because she is allergic to sulfa drugs, of which Bextra is one. Each is alleged to have known of her allergy.

Eckerd's removed this matter from the 34th Judicial District for the State of Louisiana claiming that Dr. Cracco "is a covered healthcare provider in the Patient's Compensation Fund and therefore cannot be sued in state or federal court. Therefore, Dr. Cracco is a nominal party and should be disregarded for diversity purposes." (Doc. 1, ¶ 5). Clement has moved to remand this matter to the 34th Judicial District based on the fact that Dr. Cracco is not fraudulently joined and

as such diversity jurisdiction does not exist. Eckerd responds claiming that this suit involves two separate and distinct claims, a premature claim against Cracco and a ripe claim against the Eckerd's which could proceed in federal court.

### Improper Joinder

As this Court recently stated in *Edwards v. Allstate Property and Cas. Co.,* 2005 WL 221560, *1 -2 (E.D.La. 2005):

> Pursuant to 28 U.S.C. § 1441(a), an action filed in state court may be removed to federal court if the action is one over which the federal court has subject matter jurisdiction. The burden of establishing jurisdiction is on the party seeking removal. *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993). In the motion to remand, the non-movant carries a heavy burden in establishing fraudulent joinder and must demonstrate it by clear and convincing evidence. *Id.* at 814. In a September 10, 2004, *en banc* decision, the Fifth Circuit departed from its use of the term "fraudulent joinder" and adopted the term "improper joinder," noting there is no substantive difference between the two terms. *Smallwood v. Illinois Central Railroad* Co., 385 F.3d 568, 571, n.1(5th Cir.2004). The Court emphasized the purpose of the improper joinder inquiry is to determine the appropriateness of joinder, not the merits of the case. *Id.* at 574. There are two ways to establish improper joinder: " '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." ' *Id.* (citing *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir.2003)). In the instant matter, the second way to establish improper joinder is before the Court. The appropriate test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood,* 385 F.3d at 573 (*citing Travis,* 326 F.3d at 646-47). The Fifth Circuit in *Travis* further explained: "[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham, is not colorable and is not fraudulent in fact or in law." *Travis,* 326 F.3d at 647. This possibility that state law may impose liability, however, must be reasonable, not merely theoretical. *Id* at 648.
>
> A district court may resolve improper joinder claims in two ways. The first is that a court may conduct a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the plaintiff has alleged a claim under state law against the in-state defendant. *Smallwood,* 385 F.3d at 573. The

>second way involves those cases in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. *Id.* In these cases, hopefully few in number, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.* The Fifth Circuit cautioned "that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant ... [a]ttempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits." *Id.* at 574-75. Furthermore, district courts should resolve all disputed questions of fact and substantive law in favor of the plaintiff. *Jackson v. Pneumatic Prod. Corp.,* 2001 WL 238214, at *1 (E.D.La.2001). Finally, "[i]f the right to remove is doubtful, the case should be remanded." *Sullivan v. Gen-Corp, Inc.,* 1995 WL 321743, at *2 (E.D.La.1995) (Duval, J.) (quoting *Ryan v. Dow Chemical Co.,* 781 F.Supp. 934, 939 (E.D.N.Y.1992)).

*Id* at *1-2.

In the case at bar, it is clear that there is no improprer joinder in the matter before this Court. Simply because the claim against Cracco is subject to administrative review under Louisiana's Medical Malpractice Act, La. R.S. 40:1299.47(B), and that that process has not completed by plaintiff as a precondition to suit does not mean that Cracco is improperly joined. "A petition that is dismissed for procedural prematurity may still establish a cause of action against the defendants." *Duffy v. Pendleton memorial Methodist Hosp.*, 1998 WL 273114, *2 (E.D.La. 1998) (Vance, J.) *citing Doe v. Armour Pharmaceutical Co.,* 837 F.Supp. 178, 182-84 (E.D.La.1993) (finding that removal was improper because plaintiffs stated cause of action against medical defendants, regardless of outcome of dilatory exception of prematurity); *Doe v. Cutter Biological,* 774 F.Supp. 1001, 1003 (E.D.La.1991) ("Procedural prematurity is not a conceptually accurate measure of fraudulent joinder if the claim theory asserted can be said to have plausible substantive merit."); *Erdey v. American Honda Co., Inc.,* 96 F.R.D. 593, 596 (M.D.La.1983) (holding that premature petition under Medical Malpractice Act does not preclude finding that petition states cause of action against medical defendants). Thus, if Clement has stated a cause of action that could impose

3

liability on Cracco, regardless of whether the plaintiff may be procedurally barred from suing him at this time, defendant's claim of improper joinder would be without merit and complete diversity would be destroyed.  *Id. citing  Cutter Biological,* 774 F.Supp. at 1005 (granting remand after finding that plaintiffs stated cause of action against non-diverse defendants despite possibility of successful dilatory exception of prematurity); *Perry v. McNulty,* 794 F.Supp. 606, 608 (E.D.La.1992) (granting remand because plaintiff stated cause of action against non-diverse defendant even though state court already dismissed premature claims); *Kelly v. Danek Medical, Inc.,* Civ.A.No.94-601, 1994 WL 321074, at *2 (E.D.La. June 28, 1994) (noting that plaintiffs did not name non-diverse defendants as parties in deference to Medical Malpractice Act but granting remand because petition stated cause of action against these defendants).

Clearly, the prescribing and the dispensing of the drug which allegedly caused injury are viable claims under state law and were properly joined as they arise out of the same transaction or occurrence.  As such, they must be tried at the same time.  La. Code of Civ. P. 425.  Accordingly,

**IT IS ORDERED** that the Motion to Remand (Doc. 3) is **GRANTED** and this matter is **REMANDED** to the 34th Judicial District for the State of Louisiana.

New Orleans, Louisiana, this  25th  day of August, 2005.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**